UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stone Arch Studio LLC

    Plaintiff,

vs.

Aqua Lab Technologies, Inc.

    Defendant

Civil Action No.: _____

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff Stone Arch Studio LLC ("Stone Arch"), for its Complaint against Defendant Aqua Lab Technologies, Inc. ("Aqua Lab"), states and alleges as follows:

### PARTIES

1. Stone Arch is a Minnesota limited liability company having a principal place of business in Minneapolis, Minnesota.

2. Upon information and belief, Aqua Lab is a California corporation with its principal place of business in Riverside, California.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, et seq., Minn. Stat. § 325D.44, et seq., and Minnesota Common Law.

4. This Court has personal jurisdiction over Aqua Lab because Aqua Lab does significant business in the State of Minnesota.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2).

## FACTS

### Stone Arch's Legit® Smoking Accessories

6. Stone Arch was incorporated on May 7, 2010 under the laws of the state of Minnesota.

7. Stone Arch operates out of a facility located in Minneapolis, Minnesota which is used to create among other things hand blown glass pipes and smoking accessories for the tobacco industry.

8  On January 24, 2014, Stone Arch filed the Federal Trademark Application (Ser. No. 86/174,680) for use of the mark *legit* which claims a first date of use in commerce of January 1, 2012.

9. Stone Arch owns the Federal Trademark *Minnesota Legit* (Reg. No. 4,458,302) which claims a date of first use in commerce of January 1, 2012.

10. Stone Arch owns the Federal Trademark *legit* (Reg. No. 4,465,221) which claims a date of first use in commerce of January 1, 2012.

11. Stone Arch registered the domain name www.mnlegit.com on March 17, 2011.

12. Stone Arch owns the YouTube account www.youtube.com/user/MNLegit.

13. Stone Arch owns the Pinterest account www.pinterest.com/minnesotalegit.

14. Stone Arch has expended considerable time, resources, and effort in promoting the "Legit" mark and developing substantial goodwill associated therewith.

**Aqua Lab Infringing "Legit"**

15. Upon information and belief, Aqua Lab is in the business of selling smoking related accessories including but not limited to glass hand pipes, glass water pipes, bublers, vaporizers, and tubes ("Smoking Accessories").

16. Upon information and belief, Aqua Lab sells Smoking Accessories under the brand name "Legit" (the "Infringing Products").

17. Upon information and belief, Aqua Lab sells these Infringing Products throughout the United States, including Minnesota.

18. Upon information and belief, consumers can purchase the Infringing Products directly from Aqua Lab's website, www.aqualabtechnologies.com.

19. Without Stone Arch's permission, authorization, approval or consent, and with actual knowledge of Stone Arch's prior rights in its trademarks, Aqua Lab commenced use of the confusingly similar "Legit" mark in connection with the Infringing Products.

20. Aqua Lab's use of the "Legit" brand in connection with the Infringing Products is likely to cause confusion, mistake, or deception.  Consumers have and are likely to continue to mistakenly believe, that the Infringing Products are sponsored, endorsed, or approved by Stone Arch, or are in some other way affiliated, connected, or associated with Stone Arch, all to the detriment of Stone Arch.

21. Upon information and belief, Aqua Lab targets the same class of consumers as Stone Arch.

22. Upon information and belief, Aqua Lab markets its Infringing Products in the same channels of trade used by Stone Arch to market its "Legit" mark.

23. On or about June 2, 2014 and again on October 9, 2014, Stone Arch demanded that Aqua Lab cease all use of the "Legit" mark in connection with Aqua Lab's sale of the Infringing Products, but Aqua Lab has failed, refused, and neglected to stop use. Despite Stone Arch' objection, Aqua Lab continues to use the identical and confusingly similar "Legit" mark in connection with the Infringing Products.

24. Upon information and belief, Aqua Lab intentionally adopted the confusingly similar "Legit" mark in order to trade off the goodwill Stone Arch has created in its "Legit" mark.

## COUNT I
### (Trademark Infringement of a Registered Mark)
### (Lanham Act § 32, 15 U.S.C. § 1114)

25. Stone Arch restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

26. Aqua Lab's unauthorized use of the "Legit" mark in connection with Smoking Accessories is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection, or association of Aqua Lab with Stone Arch, or as to the origin, sponsorship, or approval of Aqua Lab's Smoking Accessories by Stone Arch.  This unauthorized use of "Legit" constitutes trademark infringement under 15 U.S.C. § 1114.

27. Aqua Lab's unlawful actions have caused, and will continue to cause, Stone Arch irreparable harm unless enjoined.

28. Aqua Lab has profited from its unlawful action and has been unjustly enriched to the detriment of Stone Arch.  Aqua Lab's unlawful actions have caused Stone Arch monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT II
### (Federal Unfair Competition)
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

29. Stone Arch restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

30. Aqua Lab's unauthorized use of the "Legit" mark in connection with Smoking Accessories is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

31. Aqua Lab's unauthorized use of the "Legit" mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Aqua Lab with Stone Arch, or as to the origin, sponsorship, or approval of Stone Arch of Aqua Lab's Infringing Products or commercial activities by Aqua Lab.

32. Aqua Lab's unlawful actions have caused, and will continue to cause, Stone Arch irreparable harm unless enjoined.

33. Aqua Lab has profited from its unlawful actions and has been unjustly enriched to the detriment of Stone Arch. Aqua Lab's unlawful actions have caused Stone Arch monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT III
### (Minnesota Deceptive Trade Practices Act)
### (Minn. Stat. § 325D.44, et seq.)

34. Stone Arch restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

35. Aqua Lab's unauthorized use of the "Legit" mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Aqua

5

Lab with Stone Arch, or as to the origin, sponsorship, or approval of Stone Arch of Aqua Lab's Infringing Products or commercial activities by Aqua Lab and constitutes unfair and deceptive trade practices under the Deceptive Trade Practices Act of the State of Minnesota.

36. Aqua Lab's unlawful actions have caused, and will continue to cause, Stone Arch irreparable harm unless enjoined, and its actions also create a risk of future harm.

37. Aqua Lab has profited from its unlawful actions and has been unjustly enriched to the detriment of Stone Arch. Aqua Lab's unlawful actions have caused Stone Arch monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV
### (Common Law Unfair Competition)

38. Stone Arch restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

40. Aqua Lab's unauthorized use of the "Legit" mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Aqua Lab with Stone Arch, or as to the origin, sponsorship, or approval of Stone Arch of Aqua Lab's Infringing Products or commercial activities by Aqua Lab and constitutes common law unfair competition under Minnesota state law.

41. Aqua Lab's unlawful actions have caused, and will continue to cause, Stone Arch irreparable harm unless enjoined.

42. Aqua Lab has profited from its unlawful actions and has been unjustly enriched to the detriment of Stone Arch. Aqua Lab's unlawful actions have caused Stone

Arch monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## CONCLUSIONS

**WHEREFORE,** Stone Arch prays that the Court enter judgment:

1. In favor of Stone Arch and against Aqua Lab on all of Stone Arch's claims;

2. Permanently enjoining and restraining Aqua Lab, its parent company, subsidiaries, affiliates, sister companies, officers, agents, servants, employees, attorneys, and all others in active concert or participation with Aqua Lab from:

   a. Using the mark "Legit" or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component or otherwise, to market, advertise, or identify goods and services not produced or authorized by Stone Arch;

   b. Unfairly competing with Stone Arch in any manner whatsoever;

   c. Causing likelihood of confusion or injury to business reputation of the distinctiveness of Stone Arch's Legit mark; and

   d. Committing any other act that infringes Stone Arch's Legit mark or constitutes an act of trademark or service mark infringement, contributory infringement, or unfair competition under federal common law or Minnesota state law.

3. Requiring Aqua Lab to deliver up, or cause to be delivered up, for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and all other materials in Aqua Lab's possession or control that infringe Stone Arch's Legit mark;

4. Requiring Aqua Lab to account for and pay over to Stone Arch the amount of Stone Arch's damages pursuant to 15 U.S.C. § 1117;

5. Requiring Aqua Lab to account for and pay over to Stone Arch the amount of Aqua Lab's profits pursuant to 15 U.S.C. § 1117;

6. Requiring Aqua Lab to account for and pay over to Stone Arch the costs of the action pursuant to 15 U.S.C. § 1117;

7. Finding this case is exceptional and trebling any damage award pursuant to 15 U.S.C. § 1117;

8. Finding this case is exceptional and requiring Aqua Lab to pay over to Stone Arch its attorneys' fees incurred in connection with this case pursuant to 15 U.S.C. § 1117;

9. Requiring Aqua Lab to account for and pay over to Stone Arch the amount of Stone Arch's damages, together with costs and disbursements, including costs of investigation and reasonable attorneys' fees;

10. Requiring Aqua Lab to pay Stone Arch pre- and post- judgment interest, pursuant to Minn. Stat. § 549.09; and

11. Awarding Stone Arch such other relief as the Court may deem just and equitable.

**Lutz Law Firm**

Dated:  October 31, 2014       /s/ David A. Lutz
                               David A. Lutz (#0286990)
                               527 Marquette Avenue, Suite 860
                               Minneapolis, MN 55402
                               (612) 424-2110
                               david@lutzlawfirm.com

8